IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK E. VOTH,

          Plaintiff,

     v.

MARK NOOTH, et al.,

          Defendants.

Case No. 2:14-cv-01855-AC

ORDER

MOSMAN, Judge.

Plaintiff, an inmate at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's Motion for Temporary Restraining Order (#14). Plaintiff's Motion for Temporary Restraining Order seeks injunctive relief for more than ten days, thus it is best characterized as a Motion for Preliminary Injunction. See Fed. R. Civ. 65(b)(2) (temporary restraining orders are generally allowed for no more than ten days). Moreover, the Court converts Plaintiff's motion to a

1 - ORDER -

Motion for Preliminary Injunction on the basis that counsel for Defendants was given notice and an opportunity to respond to the motion.

Plaintiff alleges he was falsely accused of misconduct and placed in administrative segregation. As a result, Plaintiff moves for an order restraining the Defendants from "violating Plaintiff's 1st Amendment Right, Retaliating, and inflicting cruel, and unusual punishment upon Plaintiff, threatening to have Plaintiff physically injuried,[sic], and repeatedly, put in DSU as further retaliation for filing this civil action."

A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id*. A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

The claim at issue in Plaintiff's request for temporary restraining order is not at issue in his Complaint. Instead, Plaintiff's Complaint alleges cruel and unusual punishment through the infliction of physical injuries. As such, preliminary injunctive relief is not appropriate. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); *LGS Architects, Inc.*, 434 F.3d at 1155 (requiring at least some chance of success on the merits to justify a preliminary injunction).

**CONCLUSION**

The Court converts Plaintiff's Motion for Temporary Restraining Order (#14) into a Motion for Preliminary Injunction and DENIES relief on the motion.

IT IS SO ORDERED.

DATED this __27__ day of February, 2015.

Michael W. Mosman
United States District Judge

\\ord.local\shares\Shares\Acosta Share\14-1855voth0217tro.wpd