UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRANK E. VOTH, | Case No.: 2:14-cv-1855-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MARK NOOTH; WILLIAM KING; DANIEL BANNER, COLETTE PETERS; GREGORY JONES; and MARICELA ROJAS, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

At the time this action was filed, plaintiff Frank E. Voth ("Voth") was an inmate housed in Administrative Housing at the Snake River Correctional Institution ("SRCI"). Voth is currently housed at the Oregon State Penitentiary ("OSP"). At issue is Voth's motion for temporary

restraining order, filed January 16, 2016, and supplemented on February 19, 2016, and April 4, 2016 (the "Motion"). For the following reasons, the Motion should be denied.[1]

## *Background*

In the operative complaint, filed January 26, 2015 (the "Complaint"), Voth alleges Superintendent Mark Nooth, Lt. King, Corporal Banner, and Ms. Rojas, all employees at SRCI; Colleen Peters, Director of the Oregon Department of Corrections ("DOC"); and Greg E. Jones, Special Housing Unit Manager of the DOC, violated various constitutional and statutory rights. Specifically, he alleges various defendants allowed, or conspired with, Corporal Banner to physically injure Voth in retaliation for a sexual harassment complaint he filed against Corporal Banner; refused to transfer Voth to the Oregon State Correctional Institute ("OSCI") in violation of a consent decree prohibiting Voth from being housed at SRCI; and erased all of Voth's legal pleadings from his thumb drive. Voth seeks a judgment enjoining defendants from subjecting him to personal injury while housed in Administrative Housing, ordering his release from Administrative Housing, and requiring defendants to provide him access to the courts.

In the Motion, Voth asserts he was transferred to OSP on January 20, 2016, and cautioned he would be sent back to SRCI if he filed any complaints. Voth complains about the size of his cell, his exposure to asbestos fibers and lead paint, OSP's failure to provide medical treatment for his prolapsed rectum, and the extortion payments he is now required to pay other inmates for protection. Voth seeks a judgment enjoining prison officials at OSP from retaliating against him for filing the Motion, either by placing him in the disciplinary segregation unit, transferring him to SRCI,

---

[1] Voth requested oral argument in the Motion. The court finds this motion appropriate for disposition without oral argument pursuant to LR 7-1(d)(1) and denies the request.

physically assaulting him, or placing contraband in his cell, and from forcing him to live in conditions identified as hazardous by the Oregon Department of Environmental Quality.

On February 19, 2016, Voth supplemented the Motion with additional allegations relating to extortion payments he is forced to pay other inmates while housed at OSP and his concern that if he reports the extortion, he will be transferred to SRCI.[2] He also complained about being housed next to the barber and officers' station subjecting him to nearly constant exposure to loose airborne hair, lights, and noise, physical abuse by other inmates, and OSP denying such abuse and the existence of asbestos fibers. Finally, he claims OSP officials are violating the Rehabilitation Act and the American with Disabilities Act by not accommodating his disabilities. Voth asks the court to appoint a special master to inspect OSP and protect Voth from future assaults or retaliation.

Finally, in his supplemental reply filed April 4, 2016, Voth asserts that on March 30, 2016, he was placed in DSU based on a misconduct report authored by Captain Simmons alleging Voth engaged in extortion, and is awaiting placement in IMU. Voth claims this action was taken in retaliation for his filing "legal pleadings."

Defendants oppose the Motion, arguing it is based on actions by unnamed officials who are not parties to this case, and which occurred at OSP, not SRCI. Alternatively, Defendants assert Voth has failed to offer evidence to corroborate his claims.

The Motion seeks injunctive relief for more than fourteen days. Accordingly, it is properly characterized as a motion for preliminary injunction. FED. R. CIV. P. 65(b)(2) (2015). This characterization is further supported by the provision of notice of the Motion to opposing counsel,

---

[2] Voth notes he met with a security personnel official to discuss the extortion and physical abuse on February 9, 2016.

Page 3 - FINDINGS AND RECOMMENDATION                                                                 {SIB}

with an opportunity to respond.

*Legal Standard*

In general, a preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006). These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *United States v. Odessa Union Warehouse Co-Op*, 833 F.2d 172, 174 (9th Cir. 1987). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). Additionally, in a civil action involving prison conditions, the Prison Litigation Reform Act (the "Act") establishes additional standards and limitations for awarding preliminary injunctive relief against prison officials.

The Act provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2) (2015). The Ninth Circuit has noted the Act's restriction on the court's equitable jurisdiction prevents the court from binding prison officials to do more than the constitutional minimum. *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 998-9 (9th Cir. 2000).

/ / / / /

*Discussion*

Voth seeks injunctive relief against OSP officials for conduct occurring at OSP. Voth's underlying action is against SCRI and DOC officials for conduct occurring at SCRI. The evidence offered by Voth in support of the Motion relates solely to claims not at issue here because the evidence pertains to the alleged conduct of unnamed OSP officials who are not parties to this action. This evidence does not establish the requisite likelihood of success on the merits in the underlying action. Even assuming Voth has presented evidence of a likelihood of success on the merits in this action, such a finding would not support his request for injunctive relief in the Motion. Voth must pursue his claims, and seek injunctive relief, against OSP officials in an action filed against the OSP officials, not in the instant action.

*Conclusion*

Voth's motion (ECF No. 68) for temporary restraining order and supplement (ECF No. 72) to the motion, converted by the court to a motion for preliminary injunction, should be DENIED.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **May 20, 2016**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 3rd day of May, 2016.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge